```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RAM AGRAWAL,                      )
                                       ) Civil Action
            Plaintiff           ) No. 02-CV-04035
                                       )
    vs.                           )
                                       )
AVANT! CORPORATION and             )
SYNOPSYS CORPORATION,              )
                                       )
            Defendants           )

## JURY TRIAL ATTACHMENT ORDER

NOW, this 9th day of April, 2003,

IT IS ORDERED that a jury trial of the within case shall commence before the undersigned on Monday, May 19, 2003, at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. This Order shall serve as a formal attachment for trial.

IT IS FURTHER ORDERED that counsel for the parties[1] are required to jointly submit one set of agreed-upon jury instructions. To accomplish this, the parties are required to serve their proposed instructions upon each other one month prior to trial. The parties shall then meet, confer, and submit to the court one complete set of agreed-upon jury instructions. Sanctions may be imposed if a good faith effort to comply with this directive is not made.

If the parties cannot agree upon one complete set of jury instructions, they are required to submit one set of those jury instructions which have been agreed upon, and each party shall submit a supplemental set of jury instructions which are not agreed upon.

These joint instructions and supplemental instructions must be filed two weeks prior to trial. Each party shall then file, one week before trial, its objections to the non-agreed upon instructions proposed by the other party. Any and all objections shall be in writing and shall set forth the objectionable proposed instruction in its entirety. The objection shall then specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to legal authority explaining why the

---

[1] Whenever used in this Order, the terms "counsel" and "counsel for the parties" shall also refer to any unrepresented parties.

instruction is improper and a concise statement of argument concerning the instruction.  Where applicable, the objecting party shall submit a correct alternative instruction covering the subject or principle of law, with citation to legal authority supporting the alternative instruction.

All proposed supplemental jury instructions shall be numbered and shall have citations of authority for each point (one instruction per page).  If a model jury instruction is submitted, for example, from <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, or from Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, (4th Edition), counsel shall indicate whether the proposed jury instruction is modified or unchanged.  If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be placed in brackets.  If a model jury instruction is unchanged, it shall be submitted by title and paragraph number reference only, and shall not be retyped verbatim.

<u>IT IS FURTHER ORDERED</u> that on or before April 21, 2003, counsel for the parties and all unrepresented parties shall submit to the undersigned and serve on all counsel of record and unrepresented parties a trial memorandum which shall include:

(a)   A list of all exhibits to be used at the trial.  Not later than one month prior to trial all exhibits shall be pre-marked and counsel and unrepresented parties shall exchange with each other copies of all documentary and photographic exhibits and shall provide an opportunity for opposing counsel to view any models or videotapes.

(b)   A list of the name, address, and field of expertise of each expert witness to be called at trial by the party.

(c)   A curriculum vitae for each expert witness listed.

(d)   A list of the name and address of each fact witness to be called at trial, together with a brief statement of the nature of his or her expected testimony.  (Unless authorized by the undersigned for good cause shown, witnesses not listed may not be called by that party in its case-in-chief.)

(e)   An itemized statement of claimant's damages and/or other relief sought.

(f)   A statement of any anticipated significant and/or unique legal and procedural issues on which the court will be required to rule, together with counsel's single best authority on each such issue.

(g)   Names and addresses of all parties at the time the cause of action arose and presently.

      (h)  Name, address and telephone number of trial counsel, and, if applicable, the name and telephone number of the firm with which he or she is affiliated.

      (i)  Proposed voir dire questions.

      (j)  Proposed verdict slip.

      (k)  Any other matters of importance for the efficient trial of the case.

      <u>IT IS FURTHER ORDERED</u> that any party who contends, or may contend, that the proposed testimony of any expert witness requires a hearing at, or before, trial pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), shall notify the court of this contention in writing at least thirty days prior to the trial date.

      <u>IT IS FURTHER ORDERED</u> that not later than three weeks prior to trial any party having an objection to:  (a) the admissibility of any exhibit based on authenticity, (b) the adequacy of the qualifications of an expert witness expected to testify, (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately in writing each such objection, clearly and concisely. The objection shall describe, with particularity, the grounds for the objection and the authority relied upon.

      <u>IT IS FURTHER ORDERED</u> that unless stipulated to by all affected parties and approved by the court, or by Order of court so as to avoid manifest injustice, only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the court for admission into evidence at trial.

      <u>IT IS FURTHER ORDERED</u> that the unavailability of a witness at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), will not be a ground to delay the commencement, or progress, of a trial.  In such circumstances, the court anticipates the use of oral or videotape depositions at trial of any unavailable witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.

      <u>IT IS FURTHER ORDERED</u> that any party offering a deposition at trial shall provide the court, prior to commencement of trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with all counsel and unrepresented parties.  Portions of the deposition offered by plaintiff shall be marked in blue; portions offered by defendant, in red.  Where a court ruling is necessary, the basis for unresolved objections shall be written in ten words

or less in the margin of the deposition, accompanied by a separate written index of such objections.

IT IS FURTHER ORDERED that at least five business days before commencement of trial, each party shall submit to the court a written summary, not to exceed two pages in length, in plain language, of its contentions regarding the facts and that party's theories concerning liability and damages.  Prior to the beginning of voir dire, all other parties may submit in writing objections or alternatives to this summary.  The summary may be used by the court in its preliminary and final instructions to the jury to familiarize the jurors with the general framework of the factual and legal issues and contentions in the case.

IT IS FURTHER ORDERED that counsel shall familiarize themselves with the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. Failure to comply with the within Order or the Local Rules may result in the imposition of sanctions.

IT IS FURTHER ORDERED continuances will be granted only in extraordinary circumstances.  Continuance requests shall be filed by one counsel of record for each represented party and by each unrepresented party.  Continuance requests shall be submitted at least ten days prior to the commencement of trial on a form approved by the undersigned.

                              BY THE COURT:


                              _____
                              James Knoll Gardner
                              United States District Judge